JOHN LOUCKS, Respondent, v. THOMAS W. FORD, 2D, Appellant.— Appeal from a judgment of a Trial Term of the Supreme Court, Sullivan county, entered upon a verdict for $4,298 in favor of the plaintiff, and from an order denying defendant's motion for a new trial. The action is for negligence, and the defendant claims that the verdict is contrary to the weight of the credible evidence. Plaintiff's version is that, riding a motorcycle, he entered upon the west side of a concrete road which runs north from Livingston Manor towards Roscoe, the scene of the accident being between these places; that he looked to the south where the road curved to the east and saw no car approaching. He then entered upon the concrete road, turning to the south on the right-hand strip and proceeded a distance of about sixty feet; that the defendant came around the bend at about forty-five miles per hour on defendant's right side of the road, and that when about forty feet from plaintiff, defendant's car slid or swerved to its left onto the plaintiff's right-hand strip of the concrete, and the car and motorcycle came together headon. The plaintiff and his witnesses testified that after the accident defendant's car occupied about one-half of the westerly strip of concrete, being plaintiff's right-hand strip. Defendant's version is that while proceeding at about thirty-five miles per hour, he saw the plaintiff on his motorcycle motionless, by the side of the road, about 300 feet away; that when defendant again looked he was about 200 feet away from plaintiff, who was still motionless by the side of the road; that he did not see the plaintiff enter upon the concrete, but that he next saw plaintiff shoot directly across in front of defendant when defendant was about twelve feet distant; that plaintiff then turned his motorcycle directly towards defendant's car when about eight feet distant, and that the collision occurred headon. Certain of defendant's witnesses testified that the defendant's car was on the eastern strip or defendant's right-hand strip. Defendant claims that the accident occurred directly opposite the point where plaintiff entered upon the concrete highway, but defendant is disputed in this by several of his own witnesses, who locate the car about sixty feet south of the place where plaintiff entered upon the highway. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.